# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | |
|---|---|
| United States of America<br>v.<br><br>Eddie Houston | )<br>)<br>) Case No:   1:20-CR-00007-009<br>)<br>) USM No:   01696-120<br>) |

Date of Original Judgment:          02/17/2022

Date of Previous Amended Judgment:  N/A

*(Use Date of Last Amended Judgment if Any)*

Joshua C. Bell

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO  18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of   ☒ the defendant   ☐ the Director of the Bureau of Prisons   ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

Eddie Houston was originally sentenced on February 17, 2022, to an imprisonment term of 200 months followed by a five-year term of supervised release for the offense of Possession of Methamphetamine with Intent to Distribute. Based on a total offense level of 34 and a criminal history category of VI, the guideline imprisonment range was 262 to 327 months.

Amendment 821 to the United States Sentencing Guidelines, now provides that a defendant with seven (7) or more criminal history points should receive one additional point (instead of two points) for being under a criminal justice sentence when the instant offense was committed. Further, Part B, subchapter 1 of Amendment 821 provides an eligible defendant with a two-level reduction under the newly created provision found at USSG § 4C1.1(a), if the defendant did not receive any criminal history points from Chapter 4, Part A. In this case, neither reduction applies, as the defendant was designated a Career Offender, and his criminal history category would remain the same. Further, the defendant was sentenced via a downward variance, below that of which he is seeking in his motion. Pursuant to USSG § 1B1.10(a)(2), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2). Because the defendant's advisory sentencing range remains unchanged, his Motion to Reduce Sentence is DENIED.

**IT IS SO ORDERED.**

Order Date:  ___8/21/2025___

Effective Date: _____

*(if different from order date)*

_____

*Judge's signature*

Leslie Abrams Gardner, Chief U.S. District Judge

*Printed name and title*